**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| RAMANBHAI MADHABHAI CHAUDHARI and FULIBEN RAMANBHAI CHAUDHARI,<br><br>Plaintiffs,<br><br>vs.<br><br>UR MENDOZA JADDOU and TED H. KIM,<br><br>Defendants. | No. C25-3012-LTS<br><br>**ORDER** |

---

This matter is before me pursuant to defendant's motion (Doc. 6) to dismiss. Plaintiffs filed their original document (Doc. 1), which the Clerk's office filed as a petition for a writ of mandamus (Doc. 1), on February 19, 2025. On February 26, 2025, I entered an order (Doc. 2) giving the plaintiffs 30 days to either pay the filing fee or file a motion to proceed in forma pauperis. I also directed the plaintiffs to file an amended petition.

On March 7, 2025, plaintiffs paid the filing fee. On March 21, 2025, plaintiffs filed an amended petition (Doc. 3) for a writ of mandamus. Specifically, plaintiffs request that this court direct defendants, who are officials with United States Citizenship and Immigration Services, to take actions related to plaintiffs' immigration status. Because plaintiffs are requesting a writ, rather than filing a civil suit, I directed the defendants to file a response within 30 days. Doc. 4.

In their motion to dismiss, defendants state that plaintiffs failed to serve "the complaint" pursuant to Federal Rule of Civil Procedure 4. They are correct. However, the defendants do not cite any authority suggesting that formal service is required when the requested relief is a writ of mandamus. For that reason, their motion (Doc. 6) to

dismiss is **denied** without prejudice.[1] I will grant defendants 30 days from date of this order to file either a renewed motion to dismiss or a response to the amended petition for a writ of mandamus.[2]

**IT IS SO ORDERED** this 30th day of April, 2025.

Leonard T. Strand
United States District Judge

[1] Defendants are free to renew their motion to dismiss if they are able to cite authority indicating that formal service is required when the requested relief is a writ of mandamus.

[2] The defendants also allege that they are unable to view the amended petition (Doc. 3) because it is sealed. Defendants are correct the petition is sealed because it contains personal identifying information. However, I have conferred with the Clerk's office, which confirms that counsel for defendants has access to the sealed documents via the CM/ECF system. If counsel is unable to view the sealed documents in this case, he is directed to contact the Clerk's office to request assistance.