**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| RAMANBHAI MADHABHAI CHAUDHARI and FULIBEN RAMANBHAI CHAUDHARI,<br><br>Plaintiffs,<br><br>vs.<br><br>UR MENDOZA JADDOU and TED H. KIM,<br><br>Defendants. | No. C25-3012-LTS<br><br>**ORDER** |

This matter is before me pursuant to defendants' second motion (Doc. 8) to dismiss and third motion (Doc. 9) to dismiss. Plaintiffs filed their original document (Doc. 1), which the Clerk's office filed as a petition for a writ of mandamus (Doc. 1), on February 19, 2025. On February 26, 2025, I entered an order (Doc. 2) giving the plaintiffs 30 days to either pay the filing fee or file a motion to proceed in forma pauperis. I also directed the plaintiffs to file an amended petition.

On March 7, 2025, plaintiffs paid the filing fee. On March 21, 2025, plaintiffs filed an amended petition (Doc. 3) for a writ of mandamus. Specifically, plaintiffs request that this court direct defendants, who are officials with United States Citizenship and Immigration Services (USCIS), to take actions related to plaintiffs' immigration status. Because plaintiffs are requesting a writ, rather than filing a civil suit, I directed the defendants to file a response within 30 days. Doc. 4.

On April 23, 2035, defendants filed their first motion (Doc. 6) to dismiss based on a lack of service. Because defendants failed to cite any authority that service was required in the context of a writ of mandamus, I denied that motion without prejudice. Doc. 7. On May 29, 2025, defendants filed their second motion (Doc. 8) to dismiss,

citing a handful of district court decisions from outside the Eighth Circuit stating that service is required when a plaintiff's requested relief is a writ of mandamus. *See* Doc. 8-1 at 10-12.[1]

Shortly thereafter, defendants filed a third motion (Doc. 9) to dismiss, arguing that the case has become moot. Specifically, defendants state that the United States Citizenship and Immigration Services "has adjudicated the Plaintiffs' petition to receive a U Visa. This is the only agency action the Plaintiffs seek to compel under § 706(1). (Doc. 1, sec. XII). Accordingly, the Plaintiffs have now received all the relief they requested. Because there is no controversy left for this Court to adjudicate, the Court should dismiss the case pursuant to Rule 12(b)(1)." Doc. 9-1 at 3-4. Defendants also submitted a copy of the decision from USCIS. *See* Doc. 12.

Based on the documents submitted by defendants, their third motion to dismiss (Doc. 9) is **granted**. Plaintiff's petition for a writ of mandamus is **denied** and the Clerk's office is **directed** to close this case. Defendant's second motion (Doc. 8) is **denied** as moot.

**IT IS SO ORDERED** this 7th day of July, 2025.

Leonard T. Strand
United States District Judge

[1] However, defendants conceded that the All Writs Act expressly allows districts courts to enjoin non-parties who have not been served. *Id*. at 12.